UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARY LAFOSSE ET AL** | **CASE NO. 2:21-CV-01488** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 21) filed by Defendant State Farm Fire & Casualty Company ("State Farm"). State Farm moves to dismiss the instant lawsuit should this Court grant its two Motions to Exclude the testimonies of Plaintiffs' experts, Jarod Jacobs and Jessica O'Dell.

## INTRODUCTION

On or about August 27, 2020, Plaintiffs' home was damaged when Hurricane Laura made landfall in Southwest Louisiana. Plaintiffs filed the instant lawsuit alleging that State Farm is in bad faith for failure to indemnify them for property damage to their home as a result of the hurricane.

Plaintiffs submitted an Xactimate estimate prepared by Complete Adjusting Services, LLC ("CAS") as proof of their loss. It should be noted that the person who *may* have prepared and finalized the Xactimate estimate in this case is now deceased (Mario Barrilleaux).[1] Plaintiffs intend to have Ms. O'Dell opine on the reasonableness of the Complete Services, LLC ("CAS") Xactimate estimate and causation of damages, which

---

[1] Mr. Mario Barrilleaux passed away on April 8, 2022.

they submitted as their proof of loss. Plaintiffs intend to have Mr. Jacobs opine as to the scope and cause of damage to the property and explain the estimate prepared by the now deceased Mr. Barrilleaux.

## STATEMENT OF FACTS

On May 10, 2022, Plaintiffs designated two experts in this matter, Jared Jacobs and Jessica O'Dell.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

The sole basis for State Farm's motion is *if* the Court excludes the testimony of Plaintiffs' designated experts, Jessica O'Dell, and more importantly Mr. Jarod Jacobs, Plaintiffs will be unable to prove their damages. Thus, State Farm suggests Plaintiffs will be unable to prove at trial that it breached its contractual obligations, and State Farm would be absolved of its liability. The Court is persuaded that State Farm has reached the point of a new low in its fight against homeowners that were affected by Hurricanes Laura and Delta. It appears to this Court that State Farm is taking advantage of the untimely death of Mr. Mario Barrilleaux, who prepared the sole estimate Plaintiffs are relying upon as their sworn proof of loss.

Due to the circumstances involved in this case, and any case wherein plaintiffs are relying on the Xactimate estimates prepared by Mr. Barrilleaux, and the specific Memorandum Orders denying State Farm's Motions to Exclude the testimony of Ms. O'Dell and Mr. Jacobs in this matter, the Court will not entertain State Farm's motion to dismiss this case.

## CONCLUSION

For the reasons set forth herein, the Court will deny the Motion for Summary Judgment filed by State Farm.

**THUS DONE AND SIGNED** in Chambers on this 9th day of September, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE